IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02326-LTB-MEH

CHARLES FRANKLIN JONES, JR.,

    Plaintiff,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,

    Defendants.

**RECOMMENDATION ON DEFENDANTS COLORADO HOUSING AND FINANCE AUTHORITY, BOB MUNROE, AND DEBRA NORBERG'S MOTION TO DISMISS**

    Defendants Colorado Housing and Finance Authority, Bob Munroe, and Debra Norberg ("Moving Defendants") have moved to dismiss the complaint [Filed February 14, 2007; Docket #12]. Plaintiff has failed to respond. For the following reasons, the Court recommends that the Motion to Dismiss be granted.

    Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff's Complaint in this action alleges a conspiracy to defraud the United States of "monies earmarked for housing elderly and disabled persons, and use said money to finance a Volunteers of America Colorado (VOAC) private controlled and operated 'INSTITUTIONAL BOARDING HOUSE.'" Complaint at 1. He also states that he was assaulted by several of the Defendants, and that he was retaliated against because of his complaints about how the rules, policies, and restrictions are enforced at the Sunset Park Apartments, where he lived. Some of his specific allegations include: (1) he was given the worst apartment in the complex because of his race (Black); (2) rules and regulations were arbitrarily applied to him; (3) the procedure for allowing persons to visit his apartment are inadequate, as are the safety procedures; (4) he was prevented from moving furniture into his apartment, and was threatened and intimidated; (5) he and a guest were harassed by apartment staff; (6) he was denied access to his mail box; and miscellaneous other events at the apartment complex that generally made his life miserable.

The Moving Defendants are not alleged to be part of the conspiracy or any of the other acts committed in or around the apartment complex. The only allegation of any sort against the Moving Defendants is that Plaintiff went to their offices and spoke with them about these issues, and they failed to do anything, allegedly in violation of the CHFA's "mandate," "the Lease," "the Fair Housing

Act," "the Civil Rights Act," and "the Constitution of The United States of America." The Moving Defendants have filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the Plaintiff has failed to state a claim against them upon which relief can be granted. By Minute Order, filed on February 15, 2007, the Plaintiff was notified that he had until and including March 9, 2007, in which to file a response to the motion (Docket #14). To date, the Plaintiff has neither filed a response, nor requested an extension of time in which to do so.

## DISCUSSION

### I.  Standard of Review.

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of Plaintiff's Complaint is not whether Plaintiff will prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *(*overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although Plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Plaintiff in this case is proceeding without an attorney. A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113

3

F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## II. The Motion to Dismiss.

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, as well as the Fair Housing Act. In order to state a claim for discrimination under Section 1981, Plaintiff must at least allege that the Moving Defendants' actions were based on race. *Gonzalez v. United States Air Force*, 88 Fed. Appx. 371, 378 (10th Cir. Feb. 24, 2004). He does not so allege, and this is fatal to his claim. *Id.* The same is true for a claim under Section 1983 or 1985. *E.g., Wakeland v. Montano*, 203 F.3d 836 (Table), 200 WL 94006 *4 (10th Cir. Jan. 28, 2000); *Thompson v. Hadwiger*, 21 F.3d 1122 (Table), 1994 WL 131753 *1 (10th Cir. Apr. 15, 1994). In addition, to establish claims under these civil rights statutes based on race discrimination, the Plaintiff must allege that the Moving Defendants deprived him of a right secured by the Constitution and laws of the United States. Plaintiff does not allege what constitutional or statutory rights were violated by the Moving Defendants. His complaint fails to state a claim of a constitutional violation based on race. Section 1988 contains no substantive rights, but rather deals with procedure and attorney's and expert's fees.

In his Complaint, Plaintiff has alleged no well-pled facts, or facts from which it can be inferred, to state a claim upon which relief can be granted with regard to the Moving Defendants. Accordingly, dismissal of this action against the Moving Defendants is appropriate.

## CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** that the Motion to Dismiss of Defendants Colorado Housing and Finance Authority, Bob Munroe, and Debra Norberg [Filed February 14, 2007; Docket #12] be **granted**, and the Complaint be dismissed as against the Moving Defendants. It is further **recommended** that the dismissal be with prejudice,

and that the caption of this lawsuit be amended to delete the names of Defendants Colorado Housing and Finance Authority, Bob Munroe, and Debra Norberg.

Dated at Denver, Colorado, this 20th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge